IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRYSTAL SADLER, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities), and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), <br><br> Defendants. | Civil No. 23:cv-00030 |

## AMENDED COMPLAINT

Plaintiff Krystal Sadler ("Plaintiff") brings this wage and hour class action on behalf of all others similarly situated Hourly Warehouse Workers ("Class Members") against Defendant Target Corporation ("Corporate Defendant" or "Defendant Target"), and hereby states and alleges as follows:

### INTRODUCTION

1.  The New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.* and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.* are "social legislation designed to correct abuses in employment"[1] with the mission "to protect employees wages and to guarantee receipt of the fruits of their labor."[2] Yet, Defendant Target's unlawful wage practices run contrary to that mission codified by New Jersey law.

---

[1] New Jersey State Hotel-Motel Ass'n v. Male, 105 N.J. Super. 174, 177, 251 A.2d 466, 467 (App. Div. 1969).
[2] McMillan v. Pepperidge Farm, Inc., No. 22-00542 (BRM) (CLW), 2022 U.S. Dist. LEXIS 120980, at *8 (D.N.J. July 7, 2022) (quoting Rosen v. Smith Barney, Inc., 393 N.J. Super. 578, 925 A.2d 32 (App. Div. 2007), aff'd, 195 N.J. 423, 950 A.2d 205 (2008)).

2.  During the course of Plaintiff's and the Class Members' employment, Defendant Target failed to pay applicable wages under New Jersey law during both (a) mandatory pre/post-shift security screenings, and (b) during the time elapsed to walk long distances across the enormous warehouse floor to clock-in/out of their respective worksite.

3.  This time is compensable under New Jersey law. See Farrell v. FedEx Ground Packing, Inc., 478 F. Supp. 3d 536, 543 (D.N.J. 2020) (mandatory screening time is compensable); Vaccaro v. Amazon, No. 18-11852 (FLW), 2020 U.S. Dist. LEXIS 114526, at *12 (D.N.J. June 29, 2020) (same); Anderson v. Mt Clemens Pottery Co., 328 U.S. 680, 690-691 (1946) (time spent walking from time clocks to work benches across 8-acre facility compensable); Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 50 (1944) (time spent traveling between mine portals and underground work areas was compensable).

## PARTIES

4.  Plaintiff resides at 31 W. Upsal Street, Philadelphia, Pennsylvania. Plaintiff was employed as an Hourly Warehouse Worker for Defendant Target at its Bridgeport, New Jersey warehouse from September 8, 2022 until November 22, 2022. As a warehouse worker, Plaintiff pulled, packed, picked, and fulfilled Target products within Defendant Target's Bridgeport, New Jersey warehouse for distribution.

5.  Defendant Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Defendant Target required Plaintiff and the Class Members employed in Defendant Target's warehouses to perform uncompensated work both before and after the compensable shift. At all relevant times hereto, Defendant Target is an employer under New Jersey law.

## JURISDICTION AND VENUE

6.	This Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the CAFA diversity of citizenship requirements are met, and the amount in controversy exceeds $5,000,000, excluding interest and costs.

7.	Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district where the Superior Court of New Jersey, Gloucester County, is located, and where Plaintiff originally filed this action, and Plaintiff alleges her claims arose in Gloucester County, New Jersey.

## FACTS

8.	Defendant Target is a Fortune 50 general merchandise retailer with stores in all 50 States and the District of Columbia, employing a workforce of more than 400,000 employees.[3]

9.	Collectively spanning over 2 million square feet, Defendant Target operates three (3) distribution centers (hereinafter "Warehouses") in New Jersey that are located at 1800 N. Rte 130, Burlington, New Jersey, 08016; 300 Creekview Avenue, Bldg H, Bridgeport, New Jersey, 08014; and 980 High Street, Perth Amboy, New Jersey, 08861, depicted in the photographs below:

---

[3] https://corporate.target.com/about (last visited Nov. 29, 2022); https://fortune.com/company/target/fortune500/ (last visited Nov. 29, 2022).

Bridgeport, New Jersey Warehouse
300 Creekview Avenue, Bldg H,
Bridgeport, New Jersey, 08014
1.1 million-square-foot[4]



Burlington New Jersey Warehouse
1800 N. Rte 130,
Burlington, New Jersey, 08016



Amboy, New Jersey Warehouse
980 High Street, Perth Amboy, New Jersey, 08861
718,000-square-foot[5]



10. During the past six years, Defendant Target has employed thousands of non-exempt Hourly Warehouse Workers in its three New Jersey distribution warehouses.

---

[4] https://re-nj.com/advance-greek-sell-1-1-million-sq-ft-target-facility-in-logan-in-265-million-deal/ (last visited Nov. 29, 2022).

[5] https://www.wsj.com/articles/target-faces-labor-organizing-effort-at-new-jersey-warehouse-11582147795 (last visited Nov. 29, 2022).

4

11. During the relevant Class Period from November 30, 2016, Defendants required Plaintiff and other Class Members to enter Defendant Target's warehouse facilities by showing their employee identification badge, undergo mandatory pre-shift security screening upon entrance of the warehouse, and then walk long distances to their assigned work locations, at which point they finally clock-in to beginning earning wages and calculating hours worked for regular pay and overtime purposes.

12. During the relevant Class Period from November 30, 2016, Defendants required Plaintiff and other Class members to clock-out and stop getting paid, and then Plaintiff and Class Members walked long distances and undergo mandatory post-shift security screenings before they were permitted to leave the Defendant Target warehouse.

13. Defendant Target's common and uniform policies, practices and/or procedures resulted in Plaintiff and other Class Members performing uncompensated work.

14. Plaintiff and Class Members are not compensated for time elapsed per-shift and post-shift security screening, and/or walking long distances to clock in/out. This elapsed time is not de minimis.

15. Since Defendant Target did not record the time Plaintiff and Class Members elapsed during their mandatory pre/post-shift security screenings and long distances of travel to clock-in/out, such time was not calculated as "hour worked" under N.J.A.C. 12:56-5.2(a). Thus, Plaintiff and Class Members' hours worked were underreported, and they were not paid the applicable regular and/or overtime wage rate.

16. Defendant Target requires Plaintiff and the Class Members to show identification badges, requires pre-shift and post-shift security screenings, and/or requires long distance of travel from the entrance/exit to clock-in/out.

17. These requirements are pursued necessarily and primarily for the benefit of Defendant Target and its business.

18. Due to Defendant Target's failure to pay wages for time spent undergoing pre/post-shift security screenings, the time spent walking to clock-in, and the time spent walking to the exit after clocking-out, Defendants failed to compensate Plaintiff and other Class Members all of their hours worked as required under New Jersey law, and Defendants failed to compensate Plaintiff and other Class Members for all wages owed.

## CLASS ACTION ALLEGATIONS

19. This action is brought by Plaintiff as a class action pursuant to Rule 23 and for all claims asserted herein, on behalf of herself and the following Class defined as follows: All current and former employees of Target who were employed as hourly, non-exempt workers at any of Target's New Jersey warehouses at any time from November 30, 2016 through the date of final judgment in this matter ("Class Period").

20. Class action treatment of this action is appropriate because all of the class action requisites of Rule 23 are satisfied. In particular:

21. <u>Numerosity</u> – Rule 23 (a)(1). Although the exact number of Class Members is uncertain, and can only be ascertained through appropriate discovery, including discovery of Defendant Target records, the Class is so numerous that the joinder of all members is impracticable. Defendant Target has employed over 8,000 warehouse workers in its three New Jersey warehouses. ECF No. 1 ¶ 21 ("the putative class includes 8,104 members"). The Class is comprised of a readily ascertainable set of persons who performed worked for Defendant Target as non-exempt Hourly Warehouse Worker since November 30, 2016.

22. <u>Commonality</u> and <u>Predominance</u> – Rule 23 (a)(2); (b)(3). There are questions of

law and fact common to the Class, which predominate over any questions affecting only individual Class Members. Questions of law and fact are common to all Class Members, because, *inter alia*, this action concerns Defendant Target's common business policies, as described herein. These common questions of law and fact include, without limitation:

    a.    Whether Defendant Target's engaged in the conduct as alleged herein;

    b.    Whether Plaintiff and the Class Members were paid all wages due;

    c.    Whether Defendant Target compensated Plaintiff and the Class Members for all hours worked;

    d.    Whether Plaintiffs and the Class Members were deprived the protections of employee status under the law;

    e.    Whether Plaintiff and the Class Members are entitled to damages, and the amount of such damages.

23.    <u>Typicality</u> – Rule 23 (a)(3). Plaintiff's claims are typical of the claims of the Class Members in that Plaintiff, like all Class Members performed work as an hourly warehouse worker.

24.    <u>Adequacy of Representation</u> – Rule 23 (a)(4). Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are experienced in class-action litigation. Plaintiff has no interests which are adverse to, or in conflict with, other members of the Class.

25.    <u>Superiority of Class Action</u> – Rule 23 (b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. The prosecution

of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct. In contrast, a class action presents far fewer management difficulties, conserves judicial as well as the parties' resources, and protects the rights of each Class Member.

## COUNT ONE

### VIOLATION OF THE NEW JERSEY WAGE HOUR LAW
### (N.J.S.A. 34:11-56a, *et seq.*)
(*On Behalf of Plaintiff and the Class*)

26. All previous paragraphs are incorporated as though fully set forth.

27. Plaintiff and Class Members are employees entitled to the NJWHL's protections.

28. Defendant Target is an employer under the NJWHL.

29. The NJWHL also provides that employees who work over 40 hours of working time in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. 34:11-56a4; see also N.J.A.C. 12:56-6.1 ("For each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 1/2 times such employee's regular hourly wage.").

30. Employers must pay employees "for all hours worked." N.J.A.C. § 12:56-5.1.

31. "Hours worked" includes all time that employers require their employees to "be at his or her place of work" N.J.A.C. § 12:56-5.2(a).

32. Plaintiff and Class Member time spent during pre/post-shift mandatory securing screening and the travel to clock-in/out constitutes "hours worked" under the law, thus, Defendant

8

Target's failure to pay regular and overtime hourly wages for said hours worked violates the NJWHL. <u>Farrell v. FedEx Ground Packing, Inc.</u>, 478 F. Supp 3d 536, 543 (D.N.J. 2020) (time for mandatory screenings are compensable under the NJWHL); <u>Vaccaro v. Amazon</u>, No. 18-11852 (FLW), 2020 U.S. Dist. LEXIS 114526, at *12 (D.N.J. June 29, 2020) (same).

33. The New Jersey Wage Theft Act's ("NJWTA") amendments to the NJWHL explicitly authorizes a private right of action for unpaid wages. <u>See</u> N.J.S.A. 34:11-4.10 ("the employee may recover in a civil action the full amount of any wages due" under the NJWHL and NJWPL); <u>see also</u> N.J.S.A. 34:11-56a25 ("employee may recover in a civil action the full amount of that minimum wage").

34. Defendants violated the NJWHL by failing to pay Plaintiff and Class Members for all wages due, including time spent undergoing pre/post-shift security screenings; the time spent walking to clock-in; and the time spent walking to the exit after clocking-out.

35. To the extent Defendants failed to pay Plaintiff and Class Members for this time spent walking to and from security screenings and their work stations and this compensable time is attributable to required overtime pay under the NJWHL, then Defendants are liable to Plaintiff and the Class Members to pay the proper overtime premium for this time.

## COUNT TWO

### **VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW (N.J.S.A. 34:11-4.2 and 34:11-4.4)**
(*On Behalf of Plaintiff and the Class*)

36. All previous paragraphs are incorporated as though fully set forth herein.

37. Plaintiff and the Class Members are employees entitled to the NJWPL's protections.

38. Defendant Target is an employer under the NJWPL.

9

39. The NJWPL requires that Plaintiffs and other Class Members receive all wages owed. N.J.S.A. 34:11-4.2.

40. The NJWPL generally provides that "[n]o employer may withhold or divert any portion of an employee's wages." N.J.S.A. 34:11-4.4.

41. The NJWTA amendments to the NJWHL and NJWPL explicitly authorizes a private right of action for unpaid minimum and overtime wages. N.J.S.A. 34:11-4.10 ("the employee may recover in a civil action the full amount of any wages due" under the NJWHL and NJWPL).

42. Defendants violated the NJWPL by failing to pay Plaintiff and Class Members for all wages due, including time spent undergoing pre/post-shift security screenings; the time spent walking to clock-in; and the time spent walking to the exit after clocking-out.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing allegations, Plaintiff respectfully requests that the Court:

a) Certify the putative Class;

b) Appoint Plaintiff the Class Representative of the Class;

c) Appoint the undersigned law firm as Class Counsel;

d) Enter judgment against Defendant Target to award Plaintiff and other Class Members' compensatory damages, including unpaid regular and overtime wages for all hours worked;

e) Order Defendant Target to pay all costs and fees, including attorneys' fees;

f) Order Defendant Target to pay liquidated damages pursuant to the New Jersey Wage Payment Law and/or the New Jersey Wage Theft Act;

g) Order Defendant Target to pay pre- and post-judgment interest;

h) Order all available injunctive relief; and

i) Grant other such relief as the interests of justice may require.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues.

                McOMBER McOMBER & LUBER P.C.
                *Attorneys for Plaintiff,*
                *Krystal Sadler and the Putative Class*

                By: */s/ Charles J. Kocher, Esq.*
                Charles J. Kocher, Esq.

Dated: August 30, 2023