# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRYSTAL SADLER, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiffs,*<br><br>v.<br><br>TARGET CORPORATION,<br><br>*Defendant.* | Civ. No. 1:23-cv-00030-CPO-SAK<br><br>Jury Trial Demanded |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT TARGET CORPORATION'S MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, EXTEND TIME PENDING DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION AND <u>SUPREME COURT DECISION IN *LABCORP v. DAVIS*</u>**

i

## I. INTRODUCTION

Target has not met its burden for a stay. Staying this case filed in **November 2022** would unduly prejudice Plaintiff and the Class Members and would only give Target a tactical advantage. Target cannot stop this case in its tracks on the eve of the dissemination of Class notice based on what may or may not occur in an unrelated case not even been briefed before the U.S. Supreme Court. If Target's argument were adopted then all Rule 23(b)(3) class actions nationally should be stayed, but that makes no sense. Likewise, delaying this case to resolve Target's reconsideration motion would prejudice Plaintiff's ability to prosecute the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Target has not met its burden to show "clear hardship," especially since Class Counsel is paying for the costs of notice. There is no good cause to modify the current deadlines. Target has requested and received two extensions of the dispositive motion deadline already (ECF Nos. 79, 81), and has benefited from 257 days since fact discovery closed to file its motion for summary judgment. ECF Nos. 50, 81. Target appears prepared to file, having written the undersigned yesterday about filing pay records under seal.

The road ahead is clear. This case is headed to trial on damages after this Court adjudicates liability, just as in *Davis v. Target* when, on February 19, 2025, that court granted summary judgment ***for plaintiffs and the class*** on liability; denied Target's motion for decertification; and ordered this case proceed as to damages. **Ex A.**

## II. ARGUMENT

### A. A Stay Would Unduly Prejudice Plaintiffs and Present a Tactical Advantage to Target

Target wants the press pause on this class action filed in 2022 until the U.S. Supreme Court rules in an unrelated disabilities case that has not even been briefed or argued yet, *Laboratory Corporation of America Holdings v. Davis*, Civ. No. 24-304, 2025 U.S. LEXIS 427, ____ S. Ct. ___ (2025). A ruling there is expected ***at the earliest*** four months from now. The only basis Target offers for its stay request is its hope of a favorable ruling in that case brought under the Americans with Disabilities Act ("ADA") case and a similar California civil rights statute. Target is silent though as to how precisely that unrelated and undecided case will impact this wage and hour case brought under New Jersey state law.

Plaintiff filed this case on November 30, 2022 in New Jersey state court – 820 days ago as of the date of this filing of this Brief. ECF No. 1-1. Class certification was granted on January 29, 2025 (and entered on January 30) after the development of a substantial record, including expert discovery. ECF Nos. 82-83. The time has now come for notice to be sent to the Class. ECF No. 83. There is no Rule 23(f) petition pending; Target filed one only to withdraw it five days later. ECF Nos. 85, 88. Ironically, in its withdrawn petition Target argued that the predominance factor "cannot be brushed aside and left for another day." ECF No. 85 at 22. But neither can Rule 1 or Rules 23(c)(1)(A) and (c)(2) regarding deciding class certification "[a]t

2

an early practicable time" and disseminating class notice so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Delaying this case for Target's litigation goals prejudices Plaintiffs' case from moving forward to trial. The Supreme Court ruled over 90 years ago that such a stay is "rare" exception and not the rule. *See* Landis v. N. Am. Co., 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

Target claims that a stay would save judicial resources. But Target omits that Plaintiff is bearing the costs of notice, not Target. And Target has filed successive motions and an interlocutory appeal only to withdraw them days later, leading to an inflationary judicial economy, not a deflationary one.

Accordingly, Target has not met its burden on the first factor. This factor weighs in favor of Plaintiffs and the Class. The stay should be denied.

**B.    Stay Denial Would not Create a Case of Clear Hardship to Target**

In its single paragraph addressing this factor Target offers no legal analysis. Target just concludes that "the cost of continuing litigation at this juncture on a class wide basis would be inherently burdensome." ECF No. 91-1 at 9. But Target offers no evidence or any detailed showing of "clear hardship" or any burden, much less one that is undue. Additionally, Target lost this case on liability under Pennsylvania law in the Eastern District of Pennsylvania. *Davis v. Target Corp.*, Civ. No. 23-89,

3

2025 U.S. Dist. LEXIS 28957 (E.D. Pa. Feb. 19, 2025). On February 19, 2025, Judge Murphy granted summary judgment on liability in favor *of plaintiffs*; denied Target's motion to decertify the class; and denied the motions to exclude the same experts here. **Ex. A.** One might expect Target to argue that *Labcorp v. Davis* should stay the Pennsylvania case too but curiously it has not. That Pennsylvania case is proceeding to trial on damages. **Ex. A** at 7 ("The damages case will proceed.").

Because Target's hardship is anything but "clear" it fails to satisfy this factor. *See Virola v. Saul*, No. 18-cv-04778, 2019 U.S. Dist. LEXIS 128453, at *3-4 (E.D. Pa. Aug. 1, 2019) ("Here, defendant has not demonstrated a clear case of hardship or inequity. Rather, defendant merely posits that granting the stay "will promote judicial efficiency and ensure consistency . . . . By contrast, the plaintiff certainly will suffer the hardship of waiting months, perhaps years, for the resolution of the appeal, only to wait yet longer for this Court's decision on the ordinary merits of the case if the court of appeals rejects the . . . arguments advanced by plaintiffs in the pending appeals."). Target is already preparing its summary motion and appears prepared to file it, having written the undersigned about filing records under seal on February 26, 2025.

This factor weighs in favor of Plaintiffs and the Class. The stay should be denied.

4

### C.     Denial of the Stay Would not Simplify the Issues or the Trial

The outcome in *Davis v. Labcorp* is uncertain. Target does not even make it clear how exactly the outcome will simplify the issues and the trial of the case; it just makes it known that the outcome may support an argument for decertification. It may not. Regardless, this case is proceeding to trial for the Class Representative Plaintiff and the litigated Rule 23(b)(3) Class and this Court should set a trial date. If there are any Class Members who have not been damaged – and Target has identified none in its Motion – they can be dismissed at the appropriate time, which is exactly how Judge Murphy adjudicated the same issue in *Davis v. Target* when it partially granted Target's summary judgment motion. *Davis v. Target Corp.*, Civ. No. 23-89, 2025 U.S. Dist. LEXIS 28957, at *27-28 (E.D.Pa. Feb. 19, 2025); **Ex. A** ¶ 4. But if Target wants to identify Class Members that supposedly have no damage it will need to make that showing ***now*** – which Target has not yet. Waiting for a ruling in *Davis v. Labcorp* does not change that fact.

Accordingly, Target has not met its burden on this factor. This factor weighs in favor of Plaintiffs and the Class. The stay should be denied.

### D.     There Should be a Trial Date Set

A trial date should be set. There is nothing left but the adjudication of dispositive motions. While Target claims to "preserv[e] the status quo" what it is really asking for is to delay the trial for the Class Representative Plaintiff and the

litigated Class for this case that was filed in 2022 just to wait for the U.S. Supreme Court to rule months from now, and *if* that ruling is favorable to Target it *may* file a decertification motion. Indeed, Target has requested and obtained extensions of the dispositive motion deadline. ECF No. 79 (December 16, 2024 extended to January 16, 2025); ECF No. 81 (January 16 extended to February 27, 2025), in addition to filing a motion for reconsideration and a subsequently withdrawn Rule 23(f) appeal. But Target's litigation strategy to delay this case does not satisfy the legal standard for a motion to stay. *See Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."); *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004) (the party seeking the stay "must state a clear countervailing interest to abridge a party's right to litigate"); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) ("the clear damage to the [non-moving parties] is the hardship of being forced to wait for an indefinite and . . . a lengthy time before their causes are heard.").

Plaintiff and the Class should not be forced to wait a lengthy time before their case is heard. Target's Motion should be denied. Target's Motion actually underscores that this case should move forward in accordance with Rule 1. The Class is certified; there is no Rule 23(f) petition pending; dispositive motions should be filed and adjudicated so this case may proceed to trial. This Court should not grant

6

Target a third extension of the dispositive motion deadline and there is no good cause to do so. Target has had plenty of time to prepare its motion for summary judgment and it already briefed and argued summary judgment in the Pennsylvania case. A trial date should be set.

### III.  CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court deny Target's Motion in its entirety. This Court should set a trial date as soon as practicable.

Dated: February 27, 2025              Respectfully submitted,

*/s/ Charles J. Kocher*
Charles J. Kocher, Esq. (NJ ID 016952004)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
cjk@njlegal.com
*Attorneys for Class Representative Plaintiff and the Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2025, I caused a copy of the foregoing to be filed electronically and served via ECF on all parties indicated on the electronic filing receipt.

By: */s/ Charles J. Kocher*
Charles J. Kocher, Esq. (NJ ID 016952004)
McOMBER McOMBER & LUBER, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
(856) 985-9800
cjk@njlegal.com

*Attorneys for Class Representative Plaintiff and the Class*