Jacqueline R. Barrett, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Phone: 215.995.2820
Fax: 215.995.2801

Patrick F. Hulla, Esq. (*admitted pro hac vice*)
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
700 West 47th Street, Suite 500
Kansas City, MO 64112
Phone: 816.471.1301
Fax: 816.410.1303

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KRYSTAL SADLER, on behalf of herself and all others similarly situated, | *Civil Action* |
| Plaintiffs, | *Case No. 1:23-CV-00030-CPO-SAK* |
| v. | *Hon. Catherin P. O'Hearn* |
| TARGET CORPORATION. | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, EXTEND TIME PENDING DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION AND SUPREME COURT DECISION IN *LABCORP V. DAVIS*__**

# **TABLE OF CONTENTS**

**LEGAL ARGUMENT**..................................................................................1

    A.    **Motions to Stay are Left to the Court's Sound Discretion.**...................1

    B.    **This Matter Should be Stayed Pending a Decision Regarding Target's Motion for Reconsideration and from the Supreme Court.**..2

        1.    **Plaintiff will not be unduly prejudiced by a stay of the instant action and an Order denying a stay action will significantly disadvantage Target.** ......................................................................2

        2.    **In the interest of judicial economy and efficiency, staying this action will simplify its disposition.** ...............................................6

        3.    **This case has not yet been set for trial.**...............................................7

**CONCLUSION**..........................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**                                                            **Page(s)**

*Akishev v. Kapustin*,
   23 F. Supp. 3d 440 (D.N.J. 2014) ............................................................. 1, 2, 3, 7

*Am. Life Ins. Co. v. Stewart*,
   300 U.S. 203 (1937) ............................................................................................. 2

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538 (1974) ............................................................................................. 2

*Bechtel Corp. v. Local 215, Laborers' Int'l Union*,
   544 F.2d 1207 (3d Cir. 1976) .............................................................................. 1

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................. 1

*Lord v. Accenture LLP*,
   No. 21-8646, 2021 WL 7904042 (D.N.J. Dec. 17, 2021) ................................... 7

*MEI, Inc. v. JCM Am. Corp.*,
   No. 9-351, 2009 WL 3335866 (D.N.J. Oct. 15, 2009) ....................................... 6

*Nussbaum v. Diversified Consultants, Inc.*,
   No. 15-600, 2015 WL 5707147 (D.N.J. Sept. 28, 2015) .................................... 3

*Taha v. County of Bucks*,
   862 F.3d 292 (3d Cir. 2017) ............................................................................ 3, 4

*Walker v. Cnty. of Gloucester*,
   No. 15-7073, 2016 WL 1725942 (D.N.J. Apr. 28, 2016) ................................... 3

*Walsh Sec. v. Cristo Prop. Mgmt.*,
   7 F. Supp. 2d 523 (D.N.J. 1998) ......................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 1 ........................................................................................................ 1

Fed. R. Civ. P. 23(b)(3) ............................................................................................ 5

## **LEGAL ARGUMENT**

Rather than stay this case, so there may be a "just" result under Fed. R. Civ. P. 1, Plaintiff Sadler urges the Court to deny Target's request for a stay pending resolution of its motion for reconsideration and a decision by the Supreme Court in the *Laboratory Corporation of America Holdings v. Davis* case so the parties may rush to trial. However, balancing the *Akishev* factors makes clear a stay would promote judicial economy and likely avoid the costs of duplicative litigation.

### A.     **Motions to Stay are Left to the Court's Sound Discretion.**

It is well settled Courts have inherent authority to manage their dockets and stay proceedings pending before them. In particular, motions requesting such relief are committed to the court's "sound discretion." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). Indeed, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*

When considering a motion seeking a stay, courts generally consider whether: (1) it would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) denying a stay would create a case of clear hardship or inequity for the moving party; (3) a stay would simplify issues for trial; and (4) whether

1

discovery is complete and/or a trial date has been set *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

Courts "hold one lawsuit in abeyance to abide the outcome of another" when doing so may substantially affect it or be dispositive of the issues. *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). Although a stay may delay the resolution of a case, delay alone does not show undue prejudice to the nonmoving party. *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998).

### B. This Matter Should be Stayed Pending a Decision Regarding Target's Motion for Reconsideration and from the Supreme Court.

Target has demonstrated each of the *Akishey* factors weighs heavily in favor of a stay. Plaintiff Sadler's, and those she intends to represent (collectively, "Plaintiff"), opposition does not confront the reality that the answer to the certified question before the United States Supreme Court in *the Laboratory Corporation of America Holdings v. Davis* will significantly impact this case.

#### 1. Plaintiff will not be unduly prejudiced by a stay of the instant action and an Order denying a stay action will significantly disadvantage Target.

Plaintiff faces no undue prejudice or disadvantage from a temporary stay of this matter because her class action claims are tolled pending the resolution of this action. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Moreover, "[d]elay inherently results from the issuance of a stay, but 'mere' delay does not,

2

without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Akishev*, 23 F. Supp. 3d at 447; *see also Nussbaum v. Diversified Consultants, Inc.*, No. 15-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) ("[S]uffering delayed judicial resolution" is not sufficient undue prejudice to deny a motion to stay). Instead, courts examine whether the nonmoving party has demonstrated "a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay." *Walker v. Cnty. of Gloucester*, No. 15-7073, 2016 WL 1725942, at *2 (D.N.J. Apr. 28, 2016) (internal citation omitted). When a nonmoving party does not present a "substantial or time sensitive interest that warrants immediate resolution," this factor weighs in favor of staying an action. *Id.*

Here, Plaintiff has not articulated, much less demonstrated, that a stay will clearly cause prejudice or a tactical disadvantage. Furthermore, Plaintiff relies too heavily on the fact she filed this case in 2022. In particular, a class action involving 13,707 class members taking 2.25 years is not unusual. Indeed, it was Plaintiff Sadler who decided to pursue her claims as a class action, thus protracting this litigation, and the requested extensions of time for summary judgment briefing, *which Plaintiff did not oppose*, recognized the impact of the one-way intervention doctrine—*i.e.*, the Court could not decide Plaintiff's motion for summary judgment until the court first decided class certification. *See Taha v. County of Bucks*, 862 F.3d 292, 298-299

3

(3d Cir. 2017) (describing the abuses associated with the one-way intervention doctrine and summarizing the history and reasoning behind the rule). Indeed, with the motion to reconsider class certification pending, the one-way intervention doctrine still applies.

Pointing to Target's withdrawn appeal and prior motion for an extension, Plaintiff benignly claims "[t]he time has now come for notice to be sent to the class". Likewise, Plaintiff further contends, because Target did not request a stay in another class action—*i.e.*, *Davis v. Target*—it is not entitled to one here. However, the Plaintiff cites no precedent suggesting one court should not stay an action because a party did not request one in another matter. And, importantly, the *Davis v. Target comparison is inapt.*

In *Davis v. Target*, the court considered Pennsylvania, not New Jersey law, and the class members worked at a single distribution center in Pennsylvania where the plaintiff and class members showed: (1) there was data demonstrating the time clocks they actually used to clock in and out, (2) they were required by Target policy and practice to use specific time clocks, and (3) they were obligated to follow particular paths to those time clocks. Also, Target did not move to reconsider the court's class certification order. Likewise, summary judgment was fully briefed and argued before the United States Supreme Court certified the question in *Laboratory Corporation of America v. Davis*.

4

In this case, Target has moved to reconsider the Court's class certification Order. Additionally, Target has both argued, and by cited evidence, there is no representative proof because (1) employees chose the time clocks employees used, (2) the paths they chose to those time clocks, and (3) security screening at Target's was not uniformly used at the three distribution centers at issue here.

Meanwhile, a brief stay at this critical juncture will likely avoid unnecessary costs, duplicative litigation, and additional inevitable delay if (1) Target's motion for reconsideration is granted, or (2) the Supreme Court issues a decision that could decertify the class. Sending notice to 13,707 individuals, many of whom may not have claims certified by the court, is exactly the type of unnecessary costs a stay would prevent.

The Supreme Court granted certification to decide if a class action may be certified under Fed. R. Civ. P. 23(b)(3) when some members of the proposed class lack Article III injury.[1] Rushing this action, rather than waiting four months for clarity, is inefficient and unjust. It is expediency solely for the purpose of expediency, especially when Plaintiff will argue the applicable statute of limitation

---

[1] Even though, in its Answer to Plaintiff's Amended Complaint, Doc. 34, at p. 8, ¶ 3, Target preserved lack of standing as an affirmative defense, and, at the time Plaintiff filed its opposition Target had already argued there were class members who suffered no injury, Doc. 66, Plaintiff suggested Target was obligated to identify which of the class members lacked standing. Although Target was under no obligation to do so, it has in its motion seeking summary judgment.

has been tolled for absent class members. The delay is also justified by the benefit of this Court's Order deciding Target's motion for reconsideration, which may expedite the Court's analysis in later parts of this action.

Further, Plaintiff has not shown a stay would cause her a tactical disadvantage. In fact, a stay could potentially benefit Plaintiff Sadler because she may not be required to bear the cost of sending notice or otherwise demonstrating class-wide liability and damages for those who lack Article III standing with respect to some, or all, of Plaintiff's class action claims.

### 2. In the interest of judicial economy and efficiency, staying this action will simplify its disposition.

Granting a stay will simplify the issues in this case because the outcome of Target's motion for reconsideration and the Supreme Court's decision in the *Davis* will influence whether the class should be decertified. Here, the risk of significant inefficiencies, if the case plows forward, will impose hardship on the Court, Target, and Plaintiff. Allowing this action to proceed ahead of the important, pending decisions could lead to streamline this action and lead to inconsistent results, duplicative efforts, and the waste of judicial resources. *See MEI, Inc. v. JCM Am. Corp.*, No. 9-351, 2009 WL 3335866, at *5 (D.N.J. Oct. 15, 2009) ("the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources" are sufficient reasons to grant a stay).

Plaintiff argues, even if the class is decertified, the case will proceed to trial regarding Plaintiff Sadler's claim. Plaintiff's contention proves the point. The issues, whether trial, or on summary judgment, will greatly vary based on the outcome in *Laboratory Corporation of America Holdings v. Davis* and the Court's reconsideration Order. Indeed, if the class is decertified, the issues at trial will indisputably be minimized.

### 3. This case has not yet been set for trial.

With respect to the final factor, the Court evaluates a motion to stay based on the procedural posture of the underlying action. *Akishev*, 23 F. Supp. 3d at 448. When no trial date has been set, this factor weighs in favor of staying proceedings. *Lord v. Accenture LLP*, No. 21-8646, 2021 WL 7904042, at *3 (D.N.J. Dec. 17, 2021).

Plaintiff's assertion Target was prepared to move for summary judgment (and, in fact, Target moved for summary judgment) is nothing more than circular logic. Because Plaintiff opposed the requested stay or extension, and the Court's summary judgment deadline remained in place, Target had no choice but to not only be prepared to move for summary judgment, but, in fact, actually move for summary judgment. In other words, it was Plaintiff who created the issue now argued.

Here, no trial date has been set. Accordingly, this factor supports granting Target's Motion to Stay. Plaintiff's argument that a trial date "should" be set is

7

neither here nor there, as the fact remains a stay would not disturb a trial setting and what claims, if any, must be tried remains undecided.

## CONCLUSION

For the foregoing reasons, and those set forth in Target's original brief, Target respectfully asks this Honorable Court to grant its Motion to Stay Proceedings or alternatively, grant Target a 30-day extension of the case deadlines.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Jacqueline R. Barrett*
Jacqueline R. Barrett, Esq.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Phone: 215.995.2820
Fax: 215.995.2801

Patrick F. Hulla, Esq. (*admitted pro hac vice*)
700 West 47th Street, Suite 500
Kansas City, MO 64112
Phone: 816.471.1301
Fax: 816.410.1303

Dated: February 28, 2025         *Attorneys for Defendant Target Corporation*

8