# EXHIBIT 1

# AGREEMENT AND RELEASE

Subject to Court approval, Krystal Sadler (the "Plaintiff") individually, and on behalf of a class of others, Target Corporation ("Target"), and any of its officers, directors, members, owners, affiliates, divisions, employees, representatives, corporate parents, corporate siblings, subsidiaries, assigns, privies, attorneys, representatives, administrators, fiduciaries, predecessors, and successors (collectively "Defendant"), have entered into this Agreement and Release (this "Agreement") to settle all issues between them in the case captioned *Krystal Sadler, et al. v. Target Corporation,* Civil Action No. 1:23-CV-00030-CPO-SAK, pending in the United States District Court for the District of New Jersey (the "Action"). The signatories to this Agreement are jointly referred to as the "Parties."

## RECITALS

A.      In the Lawsuit, Plaintiff asserts, on her own behalf, and on behalf of others, Target violated New Jersey law by failing to pay them for unpaid time worked at Target's New Jersey distribution centers.

B.      The Settlement Class Members (as defined below), and Target have litigated this Action by, among other things, filing pleadings, engaging in scheduling, and planning with the Court, making required disclosures, engaging in discovery, including depositions, undertaking expert discovery, briefing class action certification and summary judgment, and attending a settlement conference facilitated by Magistrate Judge Sharon A. King.

C.      Counsel for the Parties recognize there are numerous disputed issues of fact and law relating to the claims asserted in the Action, there will be further expense and time necessary to prosecute and defend the Action through trial, and potential appeals, as well as risks, uncertainty, and costs associated with continued litigation, and thus a settlement on the terms set forth in this Agreement, is fair, reasonable, and adequate, and in the Parties' best interests, as long as neither

this Agreement, nor any document referred to, or contemplated, in this Agreement, nor any action taken to carry out this Agreement, may be construed as, or may be used as, an admission, concession, or indication by, or against Defendant, of any fault, wrongdoing, or liability of any kind, and the Agreement shall not be disclosed, referred to, or offered into evidence against Defendant in any further proceeding in this Action, or in any other civil, criminal, or administrative action or proceeding, except for the purposes of settling the Action, or enforcing the settlement of the Action.

NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the Parties, the Action shall be settled, under the following terms and conditions:

## **DEFINITIONS**

Whenever used in this Agreement, the terms set forth below shall have the following meanings:

1.    For purposes of this Agreement, "Settlement Class Member(s)" means: (a) Plaintiff and (b) all Progression Team Members who have been employed as hourly, non-exempt workers at any of Target's New Jersey distribution centers at any time from August 6, 2019 through the date of the Final Approval Order.

2.    "Class Counsel" means Charles J. Kocher, Tyler J. Burrell, and Gaetano J. DiPersia of McOmber McOmber & Luber, P.C.

3.    "Class Representative" means Plaintiff Krystal Sadler.

4.    "Settlement Notice" means the notice of settlement approved by the Court.

5.    "Class Period" refers to the period from August 6, 2019 through the date of the Final Approval Order.

6.    "Court" means the United States District Court for the District of New Jersey.

7.      "Final Approval Order" means the Court's Order Granting Final Approval of Class Action Settlement.

8.      "Global Settlement Fund" means an amount not to exceed Four Million Six Hundred Thousand Dollars and 00/100 cents ($4,600,000.00), which is the total amount available for: (1) payment to Settlement Class Members, including any Service Award for the Class Representative, (2) payment to Class Counsel for attorneys' fees, expenses, and costs, and (3) payment for settlement administration costs. The Global Settlement Fund does not include employer tax obligations arising from the Settlement, which Target shall separately pay.

9.      "Net Settlement Fund" means the portion of the Global Settlement Fund available for payments to Settlement Class Members regarding their alleged damages, after deducting any approved Service Award, all attorneys' fees, costs, expenses, and settlement administration costs.

10.     "Settlement" means the parties' resolution of the Action.

11.     "Releasees" means Defendant and any of its officers, directors, members, owners, affiliates, divisions, employees, representatives, corporate parents, corporate siblings, subsidiaries, assigns, privies, attorneys, representatives, administrators, fiduciaries, predecessors, and successors.

12.     "Plan of Allocation" means the apportionment from the Net Settlement Fund available to each Settlement Class Member based on a *pro rata* share, *e.g.* based on the number of each Settlement Class Member's shifts worked, or another objectively feasible measure, as determined by Class Counsel and approved by the Court in the Final Approval Order.

13.      "Released Claims" means, with respect to the Class Representatives and the Settlement Class Members who do not timely opt out of the Settlement, any and all claims, rights, demands, liabilities, and causes of action of every nature and description during the Class Period,

whether known or unknown, that were, or could have been, made by Target's employees who worked as Progression Team Members employed at Target's New Jersey distribution centers at any time between August 6, 2019 and the date of final judgment in the Action and who have claims for allegedly unpaid wages or compensation of any kind, liquidated damages, penalties, attorneys' fees, costs, expenses, interest, settlement administrator costs, service awards, and any other monetary claims related to the payment of wages.

14.    "Settlement Administrator" means, subject to approval by the Court, Epiq.

15.    "Settlement Award" means the gross payment under the terms of this Agreement to each Settlement Class Member who does not timely opt out of the Settlement.

16.    "Notice of Settlement" means the forms approved by Class Counsel and Defendant, subject to Court approval, which will be mailed, *via* first-class U.S. mail, to each Settlement Class Member to explain the settlement process.

17.    "Service Award" is a separate payment to Plaintiff, as ordered by the Court, for her assistance in bringing, prosecuting, and settling claims in the Action, appearing at deposition, as well as at the settlement conference with Magistrate Judge King.

18.    "Effective Date" means the first day following the last of the following occurrences: (a) the issuance of the Court's Final Approval Order; (b) if one or more objections has been made to final approval of the Settlement, the date on which the time to appeal the Final Approval Order has expired, with no appeal or other judicial review having been taken or sought; or (c) if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

## NO ADMISSION OF LIABILITY BY DEFENDANT

19.    Defendant denies liability or wrongdoing of any kind associated with the claims alleged in the Action. Consequently, this Agreement is a compromise, and shall not be construed as, or deemed, an admission of liability, culpability, negligence, or wrongdoing by Defendant or the Released Parties for any purpose, and under any circumstance. Defendant has not conceded any claims or defenses that were, or could have been, raised in the Action. This Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement. The Parties merely negotiated and reached the Settlement to avoid further disputes and litigation and the attendant inconvenience and expense.

## SETTLEMENT PAYMENT TERMS AND CONDITIONS

20.    In exchange for the release of claims in Paragraph 13, the Settlement Administrator will calculate and pay to each Settlement Class Member who does not timely opt out of the Settlement, a Settlement Award based on the Plan of Allocation.

21.    For tax purposes, Settlement Awards paid to Settlement Class Members shall be treated as (a) one-third (1/3) payable as wages under an IRS Form W-2, with all required and authorized deductions, including income taxes, withheld from such payments, and (b) two-thirds (2/3) payable as interest under an IRS Form 1099, with nothing withheld from such payments. In addition to the Global Settlement Fund, Target shall pay for employer-side payroll taxes, and any over-estimated payroll taxes, as determined by the Settlement Administrator, shall belong to Target. The Settlement Class Members will be responsible for any tax liability arising from the

allocation of the Global Settlement Fund as attorneys' fees, costs, and expenses, a Service Award, as well as taxable wage income and taxable non-wage income.

22.     Any payments issued by the Global Settlement Fund under this Agreement that are not negotiated within one-hundred eighty (180) days of issuance will be null and void, the amount of such payments shall belong to Defendant, and the Settlement, including Paragraph 13 of this Agreement, shall remain binding on the Parties, including all Settlement Class Members.

23.     Class Counsel may apply to the Court for an award of Ten Thousand and 00/100 Dollars ($10,000.00) to Plaintiff as a Service Award. The Service Award shall be in addition to the share to which Plaintiff is otherwise entitled under Paragraph 20 of this Agreement and shall be payable from the Global Settlement Fund. Any Service Award approved by the Court and paid Plaintiff under this Agreement, shall be payable under an IRS Form 1099, with nothing withheld from such payment. Any amounts not approved for the requested Service Award will be paid to the Settlement Class as part of the Net Settlement Fund.

24.     Payments made under this Agreement shall not be considered wages for purposes of calculating, or recalculating, benefits provided by, or to, Target's or Defendant's employees and their beneficiaries under the terms of conditions of any benefit plan maintained by Target or Defendant for the benefit of their employees and their beneficiaries.

25.     The Settlement Class and Defendant expressly agree to undertake risks that intervening developments in the law may materially strengthen or weaken their respective claims and defenses in the Action and they have agreed to resolve the Lawsuit despite such risks.

## ATTORNEYS' FEES, COSTS, AND EXPENSES

26.     Class Counsel will seek, and Target will not oppose, an order from the Court directing the Settlement Administrator to pay Class Counsel's fees, costs, and expenses out of the

Docusign Envelope ID: 2B377B00-09T3-40D5-B654-02202DDF3162

Global Settlement Fund, in an amount up to one-third (1/3) of the Global Settlement Fund for attorneys' fees, as well as an approximate estimate of $300,000.00 in litigation costs and expenses including the estimated costs of notice and administration through final approval. Defendant will not contest this application, although Defendant shall have the right to review and propose revisions, in good faith, to such submission; if any of Defendant's proposed revisions are rejected, Defendant reserves the right to file a response to Plaintiff's motion applying for approval of the payment of the Class Counsel's attorneys' fees, costs, and expenses to be paid from the Global Settlement Fund. Any attorneys' fees, costs, and expenses approved by the Court will be paid from the Global Settlement Fund. Any amounts not approved will be allocated and paid to the Settlement Class Members as part of the Net Settlement Fund.

27.     Within 21 business days of the Effective Date of this Agreement, Class Counsel shall receive a check for attorneys' fees, costs, and expenses approved by the Court. The check shall be sent to McOmber McOmber & Luber, P.C., 50 Lake Center Drive, Suite 400, Marlton New Jersey 08053. All attorneys' fees, costs, and expenses referenced in this Paragraph shall be paid from the Gross Settlement Fund.

## **RELEASE**

28.     Upon distribution of Settlement Awards under Paragraph 21 of this Agreement, each Settlement Class Member who does not opt out of the Settlement shall be deemed to, and shall actually have, released, and discharged, all Releasees with respect to all Released Claims. This release shall remain binding on all Settlement Class Members who do not out of the Settlement, even if one or more Settlement Class Members fails to negotiate any payments under this Agreement, or any Settlement Class Members cannot be located within one-hundred eighty (180) days of the date Settlement Awards are initially distributed under this Agreement.

29.     Each Settlement Class Member shall be deemed to, and shall actually have, knowingly and voluntarily, waived, released, discharged, and dismissed the Released Claims, with full knowledge of any, and all, rights they may have, and thereby assume the risk of any mistake in fact, or with regard to any facts which are now unknown to them.

30.     All Settlement Class Members who have not opted out of this Settlement shall not participate in any personal recovery in any action commenced on his, or her, behalf by any federal or state agency that, in any way, arises out of, or relating to, the matters asserted in the Action.

## PARTIES' AUTHORITY

31.     The signatories to this Agreement represent they are fully authorized to enter into, and bind, the Parties to the terms and conditions of this Agreement.

32.     The Parties acknowledge they have been, throughout the Action and all negotiations preceding the execution of this Agreement, represented by competent, experienced counsel, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## SETTLEMENT ADMINISTRATION

33.     The Parties agree to use their best, reasonable efforts, and to fully cooperate with each other to implement and effectuate the terms of this Agreement.

34.     Class Counsel will prepare, and Defendant's counsel retains the right to review and revise, in good faith, a Motion for Preliminary Approval of Class Action Settlement. Defendant's counsel will prepare a Settlement Notice. The Parties will file with the Court the Motion for Preliminary Approval of Class Action Settlement, which will attach a fully signed copy of this Agreement and the proposed Settlement Notice.

35.     The Parties agree to retain a Settlement Administrator. The Parties further agree the Settlement Administrator's fees and expenses shall be paid from the Global Settlement Fund. Any Settlement Administrator's fees and expenses that are not approved for payment to the Settlement Administrator will be paid to Settlement Class Members as part of the Net Settlement Fund. All funds transferred to the Settlement Administrator shall be maintained in a Qualified Settlement Fund, within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq*., which the Settlement Administrator shall establish. The Qualified Settlement Fund shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court. The Settlement Administrator shall serve as Trustee of the Qualified Settlement Fund and shall function as a fiduciary with respect to the handling, management, and distribution of the Qualified Settlement Fund, including handling tax-related issues and payments. The Settling Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.

36.     Within fourteen (14) calendar days after the Court's preliminary approval of the Agreement, Defendant will provide to the Settlement Administrator a file listing the names, Social Security Numbers ("SSN"), last known addresses of all Settlement Class Members, and time and pay for work at Target at its New Jersey distribution centers during the Class Period sufficient for Class Counsel and the Settlement Administrator to perform the *pro rata* analysis and make Settlement Award Payments, and, as reasonably requested by the Settlement Administrator, any information necessary for determining tax amounts and issuing Forms 1099.

37.     The Settlement Administrator will issue all Settlement Awards and related IRS Forms W-2 and 1099, and prepare, and distribute, all notices required to third parties under the Class Action Fairness Act ("CAFA"), and, specifically, 28 U.S.C. § 1715.

38.     Within twenty (20) calendar days after the Court preliminarily approves this Agreement, the Settlement Administrator will distribute to each Settlement Class Member by first-class U.S. mail, postage prepaid, a Settlement Notice. The Settlement Notice to each Settlement Class Member will include his or her estimated *pro rata* settlement share. A copy of the Settlement Notice is attached as Exhibit A.

39.     Any Settlement Notices returned undeliverable shall be traced to obtain a new address and be re-mailed by first-class U.S. mail.

## OPTING OUT AND OBJECTIONS

40.     The Settlement Notice shall include information about how a Settlement Class Member may opt out of the Settlement, as well as the potential implications of doing so.

41.     Settlement Class Members seeking to exclude themselves from the Settlement must provide to the Settlement Administrator a timely request to opt out of the Settlement. Opt-out requests must be postmarked no later than sixty (60) days from the mailing of the Notice of Settlement. Upon their receipt, the Settlement Administrator will provide copies of all timely opt-out requests to Class Counsel and Defendant's counsel.

42.     The Settlement Notice shall also provide that Settlement Class Members who wish to object to the Settlement must mail to the Court's Clerk a written statement of objection ("Notice of Objection"), postmarked no later than sixty (60) days before the Final Fairness Hearing conducted by the Court, with a copy to Class Counsel and Counsel for Defendant. Subject to court approval, the Notice of Objection must state: (a) the full name, address, telephone number, and last four digits of the Security Social Number of the person objecting; (b) the basis for the objection, and (c) a reference to Civil Action No. 1:23-CV-00030-CPO-SAK. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have

waived any objections and shall, subject to any order issued by the Court, be foreclosed from making any objection (whether by appeal or otherwise) to the Agreement.

43.    If five percent (5.0%) more of the Settlement Class Members opt out of the Settlement Defendant may, at its sole discretion, rescind the Settlement, Defendant's obligations under this Agreement will cease to have any force and effect, this Agreement will be vacated, null, void, and cancelled, the Parties will return to the *status quo ante* as if they had not entered into the Settlement, and the Settlement, and all negotiations and proceedings related to the Settlement, will be without prejudice to the rights of the Parties, and evidence of the Settlement, negotiations, and proceedings will be inadmissible and will not be discoverable.

## FINAL SETTLEMENT APPROVAL

44.    Class Counsel will prepare a joint motion for final approval of the Settlement with Defendant having the right to review and revise, in good faith, such submission. The joint motion for final approval of the Settlement will include all that is required under Federal Rules of Civil Procedure, Rule 23(e)(2), as well as the following proposed orders:

   a.   An Order Granting Final Approval to the Settlement, adjudging the terms of the Settlement to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

   b.   An order dismissing this action on the merits, with prejudice, in accordance with the terms of this Agreement;

   c.   An Order setting a Final Fairness Hearing conducted by the Court with sufficient time for the Parties and the Settlement Administrator to comply with the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.; and

    d.   An Order approving Service Awards to the Class Representatives.

45.    The Order for Final Approval of Settlement and Final Judgment will, subject to Court approval:

    a.   Dismiss with prejudice all claims against Target from the Action;

    b.   Declare all Settlement Class Members, except those who affirmatively opt out, are bound by the release of claims described in this Agreement; and

    c.   Reserve jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement and administration and distribution of payments made under this Agreement.

## **DISTRIBUTION OF SETTLEMENT PAYMENTS**

46.    Within fourteen (14) days of the Effective Date, Defendant shall deposit with the Settlement Administrator an amount sufficient to make all payments due under the Agreement.

47.    The Parties agree the Settlement Administrator will be responsible for issuing all Settlement Awards and the Service Award, if any, by way of negotiable instrument from the Global Settlement Fund, W-2 Forms, W-9 Forms (if required), and 1099 Forms.

## **NOTICES**

48.    Unless otherwise specifically provided in this Agreement, all notices, demands, or other communications given under this Agreement shall be in writing, and shall be deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

To the Class Representative or Settlement Class Members:

Charles J. Kocher
McOmber McOmber & Luber, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
cjk@njlegal.com

To the Defendant:

Patrick F. Hulla
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
700 West 47th Street, Suite 500
Kansas City, MO 64112
patrick.hulla@ogletreedeakins.com

## OTHER TERMS

49.     If the Court unexpectedly rejects this Agreement, the Parties agree to work in good faith to resolve any differences they may have regarding any revised agreement to be re-submitted to the Court; if the Parties are unable to resolve any such differences on their own, the Parties further agree to reengage Magistrate Judge King to attempt to resolve any disputes about the terms and conditions of any revised agreement to be re-submitted to the Court.

50.     The Parties agree to waive all appeals, and to stipulate to final certification of the Rule 23 claims, but only for purposes of implementing the Settlement.

## .ENTIRE AGREEMENT

51.     This Agreement constitutes the entire agreement between the Parties about the subject matters addressed in this Agreement. No extrinsic, oral, or written representations or terms shall modify, vary, or contradict the terms of this Agreement.

52.     If there is a conflict between this Agreement and any other document related to the Settlement, the Parties intend for this Agreement to control.

## **MISCELLANEOUS**

53.    This Agreement may be executed in counterparts, and when the counterparts are signed and delivered, each counterpart shall be deemed an original, and, when taken together, shall constitute one agreement, which shall be binding on, and effective as to, all of the Parties.

54.    This Agreement shall be binding on, and inure to the benefit of, Defendant's successors, as well as each Settlement Class Member who does not opt out of the Settlement.

55.    The Parties believe the Settlement is fair, reasonable, and adequate, and have arrived at the Settlement after protracted litigation, and through considerable arms-length negotiations, including an in-person settlement conference with Magistrate Judge King on June 25, 2025, considering all relevant factors, both present and potential.

56.    Except in writing, and signed by Class Counsel and Defendant's counsel, this Agreement and its attachments may not be changed, altered, or modified.

57.    The descriptive headings of any sections of this Agreement are only inserted for convenience or reference, and do not constitute a part of this Agreement.

[Remainder of Page Intentionally left Blank. Signatures Appear on the Following Page.]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the

date indicated below:

Dated: _____Oct 9_____, 2025       By: ___Sr Director and AGC___

On behalf of Defendant

Dated: _10/1/2025 | 8:48 AM PDT_, 2025       By: _____

Krystal Sadler

.

.