IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRYSTAL SADLER, on behalf of herself and all others similarly situated, | No. 23-00030 |
| *Plaintiff*, | |
| v. | **ORDER** |
| TARGET CORPORATION, | |
| *Defendant*. | |

AND NOW, this 30th day of October, 2025, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement, and all attachments thereto, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**, and the Parties' settlement of this class action is **PRELIMINARILY APPROVED**. The Court finds the terms of the Settlement Agreement are reasonable, just, fair, and adequate to warrant dissemination of the proposed notice of settlement to the previously certified Class. The Court finds the Settlement Agreement contains no obvious deficiencies; is within the range of possible approval; and the Parties entered into the Settlement Agreement in good faith, following arms' length negotiations, following an in-person settlement conference on June 25, 2025 with Magistrate Judge Sharon A. King.

2. Plaintiff Sadler was previously appointed as Class Representative for the Class. [Dkt. 83 at ¶ 3].

3. McOmber McOmber & Luber, P.C. was previously appointed as Class Counsel for the Class. [Dkt. 83 at ¶ 2].

4. The Parties shall take all actions required by the Settlement Agreement.

5. Class Counsel's requested fee award of one-third of the Settlement Amount is

preliminarily approved.

6. The Court hereby approves Epiq as the Settlement Administrator and the form and procedures for disseminating notice of the proposed settlement to the Class as set forth in the Settlement Agreement. The Court finds the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice of the proposed settlement to the Class in full compliance with the requirements of applicable law.

7. Defendants shall provide, or cause the Settlement Administrator to provide, notice of the settlement to the relevant state and federal authorities as required by 28 U.S.C. § 1715(b). Defendant shall thereafter file an affidavit certifying that proper notice has been given to the relevant authorities.

8. Pursuant to Federal Rule of Civil Procedure 23(e)(2), a hearing addressing final approval of the settlement ("Final Approval Hearing") will be held in Courtroom 5A of the United States Courthouse, Mitchell H. Cohen Building & U.S. Courthouse 4th & Cooper Streets, Camden, NJ 08101 at <u>10:00 a.m.</u> on <u>February 24</u>, <u>2026</u>. The Final Approval Hearing will be adjourned in the event Defendant fails to timely comply with paragraph 7 of this Order, as the Court cannot issue an order giving final approval of the settlement unless 90 (ninety) days has elapsed from the latest date notice is given to all appropriate government officials to the Final Approval Hearing. *See* 28 U.S.C. § 1715(d).

9. Pursuant to the Settlement Agreement, Class Members shall have the right to opt out of the settlement by sending a written request for exclusion from the settlement within 60 (sixty) days after notice is sent. Class Members objecting to the settlement shall make such objections no later than 60 (sixty) days prior to the Final Approval Hearing.

10. At the Final Approval Hearing, the Court will consider: (i) whether the

settlement should be finally approved as fair, reasonable, and adequate for the Settlement Class; (ii) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice as to Defendants shall be entered; and (iii) whether Class Counsel's forthcoming application for attorneys' fees and expenses and service award for the Class Representative Plaintiff Sadler should be granted. During this Final Approval Hearing, the Court may hear from any objectors or other putative Settlement Class members who wish to address the Court and will hear from Class Counsel.

11. Within fourteen (14) days before the Final Approval Hearing, Class Counsel shall file all papers in support of the final approval of the settlement and for fees and expenses.

12. Non-substantive changes and changes necessary to correct any inconsistency between the approved forms and the Settlement Agreement may be made by the mutual agreement of Class Counsel and counsel for the Defendants.

13. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class and retains jurisdiction to consider all further applications arising out of, or in connection with, the proposed settlement. The Court may also, without further notice, approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate.

*Christine P. O'Hearn*

**Christine P. O'Hearn**
**United States District Judge**